UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,<br><br>                             Petitioners,<br><br>                v.<br><br>NORTH STAR CONCRETE CONSTRUCTION, CORP.,<br><br>                             Respondent. | **OPINION AND ORDER**<br>17 Civ. 4749 (ER) |

Ramos, D.J.:

      This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement ("CBA") involving the New York City District Council of Carpenters and North Star Concrete Construction, Corporation, ("Respondent").

      Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New

York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners") petition the Court to confirm an arbitration award against Respondent.  Doc. 1.  For the reasons set forth below, Petitioners' motion is granted.

I.      **Factual Background**

Petitioners Trustees of the New York City District Council of Carpenters Pension Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multi-employer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974.  Doc. 1 ¶ 4.  The trustees are fiduciaries to the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  Id.  Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  Id. ¶ 5.  Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not-for-profit corporation.  Id. ¶ 6.  Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent.  Id. ¶ 7.

Respondent is a corporation incorporated under the laws of the State of New York.  Id. ¶ 8.  At all relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. ¶ 142.  Id.

Respondent was a member of The Association of Concrete Contractors of New York, Inc. (the "Association"). *Id.* ¶ 9. As a member of the Association, Respondent was bound to the CBA between the Association and the Union covering the period July 1, 2011 through May 31, 2017 (the "CBA"). *Id.* ¶ 10. The CBA required Respondent to remit contributions to Petitioners for every hour worked by its employees within the trade and geographical jurisdiction of the Union. *Id.* ¶ 11. In addition, the CBA required Respondent to furnish its books and payroll records when requested by Petitioners for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. *Id.* ¶ 12.

Petitioners conducted an audit of Respondent's books and records for the period March 29, 2013 through June 26, 2015 in order to determine whether Respondent had remitted contributions to Petitioners in the proper amount. *Id.* ¶ 16. The audit found that Respondent failed to remit contributions in the principal amount of $24,926.86. *Id.*

Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. *Id.* ¶ 17. By letter dated November 25, 2016, the arbitrator scheduled the arbitration for February 16, 2017. Doc. 1-4 at 1. On February 16, 2017, the arbitrator conducted the arbitration. Doc. 1-5 at 1. Respondent failed to appear. *Id.* at 1-2. Petitioners submitted evidence that Respondent was bound by the CBA, that an audit of Respondent's books and records had been performed, and that delinquencies were discovered in the amount of contributions due to Petitioners during the period of March 29, 2013 through June 26, 2015. *Id.* at 2.

On February 17, 2017, the arbitrator found that Respondent violated the CBA when it failed to remit delinquent contributions to Petitioners, and issued an award ordering Respondent

to pay Petitioners the sum of $48,707.88, consisting of principal contributions of $24,926.86, total interest of $3,464.18, liquidated damages of $4,985.37, non-audit late payment interest of $4,942.45, assessments to the promotional fund of $192.55, court costs of $400.00, attorneys' fees of $1,500.00, the arbitrator's fee of $500.00, and audit costs of $7,796.47.  Doc. 1 ¶ 18-19.  The arbitrator also found that interest of 5.75% will accrue on the principal deficiency of the award from the date of the issuance of the award.  *Id.* ¶ 20.  Respondent has not complied with the award.  *Id.* ¶ 21.

On June 22, 2017, Petitioners filed the instant petition to confirm the arbitration award.  Doc. 1.  Respondent was served with the Summons and Petition on September 1, 2017.  Doc. 8.  Respondent has not appeared in this action.  *Id.*  Accordingly, the petition is considered unopposed.

## II.     Legal Standards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court.  *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006).  The court is required to grant the award "unless the award is vacated, modified, or corrected."  *Id.* (quoting 9 U.S.C. § 9).  An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review."  *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).  It is not necessary that the arbitrator explain the rationale for the

award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has

met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.  Discussion

The Court finds that there is sufficient justification for this award. *Landy*, 954 F.2d at 797. The arbitrator reviewed the CBA and Petitioners' evidence, which reflected that Respondent owed contributions and interest payments for the relevant time periods. Doc. 1-5 at 2. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate. Respondent has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting

*Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

### IV.     Conclusion

For all of these reasons, the petition is granted and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $48,707.88, plus 5.75% annual interest from the award date, February 17, 2017, through the judgment date. Respondent is also ordered to pay $3,292.50 in attorneys' fees and $75 in costs arising from this petition. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to Respondent and to close the case.

SO ORDERED.

Dated:   October 5, 2021
        New York, New York

_____
Edgardo Ramos, U.S.D.J.